IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **CORT ANCMAN and EILEEN ANCMAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 05-455C** |
| **v.** | ) | |
| | ) | **(Judge Sweeney)** |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S COUNTER-STATEMENT OF FACTS**

Pursuant to Rule 52.1(b) of the Rules of the United States Court of Federal Claims, the United States respectfully submits the following response to plaintiff's proposed additional facts.

The United States responds to the cited paragraph numbers and their assertions, as set forth in the Ancmans' proposed additional facts, as follows:

Plaintiffs' Fact ("PF") 1. Assistant Secretary of the Air Force (Manpower, Reserve Affairs, Installations and Environment) characterized the estimate of the Ancmans' retirement as "grossly inaccurate." AR1 at 9; AR2 at 8.

Response: Defendant does not disagree that the Assistant Secretary used that phrase in the decision to deny the Ancmans the relief they were seeking. The United States avers that the relevant finding by the Assistant Secretary is that these were "estimates" and that the Ancmans "had almost nine months to confirm the accuracy of the Pentagon MPF estimates before retirement and, other than their own self-supporting statements that they attempted to call DFAS on numerous occasions, we have no evidence of any action on their part." AR 1 at 10, AR2 at 9.

PF2. Chief, Retirements Branch in the Personnel Program Management Directorate at the Air Force Personnel Center ("Lt. Col. Stevens"), stated in his advisory opinion to the AFBCMR that "[f]or reasons we cannot explain . . . " the MPF used the Ancman's pay date in

place of the unavailable 10 USC 1405 date when preparing the Ancman's pre-retirement amount. AR1 at 26; AR2 at 23.

Response: Defendant does not disagree that Lt Col Stevens stated "[f]or reasons we cannot explain, both MPFs substituted the applicant's pay date for the 10 U.S.C. § 1405 date when preparing the estimates." The United States avers that the relevant information in Lt. Col. Stevens' advisory opinion is that the pay figures the Ancmans received were estimates, and despite being told to contact DFAS in writing to obtain accurate calculations, the Ancmans did not do so. AR1 at 26-27, AR2 at 23-24.

PF3. The Pre-retirement checklist signed by the Ancmans in advance of applying for early retirement included the following statements clearly indicating that the Air Force anticipated information on which they should reasonably rely to be disseminated to the Ancmans in addition to the printed form that they signed.

> 6. UNDERSTANDING OF RETIRED PAY COMPUTATION (AFI 36-3203, Chapter 7): I have been counseled on the effect my proposed retirement date will have on my retired pay and have received a retired pay estimate.
>
> 10. ACKNOWLEDGMENT OF UNDERSTANDING: . . . I have been given the opportunity to ask additional questions . . . "

AR1 at 29-30; AR2 at 26-27. (Emphasis original)

Response: Defendant agrees that those provisions are included in the Retirement Pre-Application Checklist attached to the advisory opinion the Headquarters Air Force Personnel Center provided to the BCMR. Defendant avers however, that neither administrative record contains such checklists with the Ancmans' signatures. The Defendant further disagrees that such provisions are "clearly indicating that the Air Force anticipated information on which they should reasonably rely to be disseminated to the Ancman's in addition to the printed form that

they signed." The statements constitute plaintiffs' legal argument, not statements of fact.

PF4. The only evidence of any information received by the Ancmans under ¶¶ 6 and 10 of the pre-retirement checklist is the Ancmans' own statement that they were told that estimate was within $1 to $2 of the estimate that DFAS-CL, that DFAS-CL. Compl. ¶ 7, AR1 at 25; AR2 at 22.

Response: The statements contained in PF4 constitute plaintiffs' legal argument, not statements of fact. Defendant further avers the record does not reflect this stated fact

PF5. The TERA program under which the Ancmans retired was very popular, offered for a limited time, with demand exceeding availability on a first come first served basis. AR1 at 39; AR2 at 36.

Response: Defendant does not disagree that the Ancmans represented this fact to the Air Force Board for Correction of Military Records ("AFBCMR" or the "board") in their comments to the board upon the Advisory Opinion from the Headquarters Air Force Personnel Center.

PF6. The Ancmans were required to sign the pre-retirement checklist, receive the pay estimate, and sign the acknowledgment at the same time. AR1 at 39, 67; AR2 at 36, 64.

Response: Defendant does not disagree that the Ancmans represented this fact to the AFBCMR.

PF7. At the time the Ancmans accepted early retirement based on the MPF generated estimate they were told that their retirement was irrevocable. AR1 at 71, AR2 at 70.

Response: Defendant does not disagree that the Ancmans represented this fact to their Senator. Defendant agrees with the Ancmans' admission in PF7 that the "Ancmans accepted early retirement based on the MPF generated **estimate**." (emphasis added).

PF8. The Ancmans were given a week to decide whether or not to take early retirement based on the pay estimate given to them. AR1 at 71; AR2 at 70.

Response: Defendant does not disagree that the Ancmans represented this fact to their Senator.

PF9. During this week they tried to contact DFAS-CL and consistently received the message: ". . . [we] are unable to handle your call in a timely manner now. Please try your call another time." AR1 at 71; AR2 at 36, 70.

Response: Defendant does not disagree that the Ancmans represented this fact to the BCMR and their Senator. Defendant further avers that the Ancmans were told to write DFAS-CL to get an official estimate, and the Ancmans did not do so.

PF10. DFAS-CL had known issues in regard to how difficult they were to contact, even by Air Force finance personnel . AR1 at 39; AR2 at 36.

Response: The record does not reflect this stated fact.

PF11. Because the Ancmans had not reached 18 years of service, DFAS-CL did not have their 10 U.S.C. 1405 date at the time of the Ancmans' application for retirement. AR1 at 5; AR2 at 5, 23.

Response: The record does not reflect this stated fact. The record before the Court shows that the Air Force Personnel Center Retirements Branch had not computed an official 10 U.S.C. 1405 date. The record is silent as to whether DFAS had made the computation.

PF12. The Ancmans were told that DFAS-CL did not have their 10 U.S.C. 1405 date as part of the information they were given in addition to that on the pre-retirement checklist. AR1 at 38; AR2 at 35.

Response: The record does not reflect this stated fact.

PF13. Cort Ancmans's 1405 date was not computed until "many additional months" after approval of his retirement. AR1 at 68; AR2 at 65, 66.

Response: Defendant does not disagree that the Ancmans represented this fact to the AFBCMR. The master personnel record, which was before the AFBCMR, shows that Mr. Ancman's 1405 date was calculated by at least April 1998, when his retirement order was published.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street
Attn: Classification Unit, 8th Floor
Tele: (202) 307-0383
Fax: (202) 353-7988
Washington, D.C. 20530

Attorneys for Defendant

Of Counsel:
MAJ CAREY A. MERRILL
Air Force Legal Operations Agency
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209

March 12, 2007

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on March 12, 2007, a copy of the foregoing "**DEFENDANT'S COUNTER-STATEMENT OF FACTS**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle